**XIQING SU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2863–ag.

United States Court of Appeals, Second Circuit.

March 18, 2008.

Yimin Chen, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Stephen J. Flynn, Senior Litigation Counsel; W. Manning Evans, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiqing Su, a native and citizen of the People's Republic of China, seeks review of a June 13, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Xiqing Su,* No. A 78 705 871 (B.I.A. June 13, 2007).

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005)(per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ Here, the BIA did not abuse its discretion in denying Su's motion as untimely. *See* 8 C.F.R. § 1003.2(c)(2). The BIA accurately noted that, whereas a timely motion to reopen would have been due in October 2003, Su did not file his motion until October 2006, well beyond the 90–day filing deadline. *See Id.*

Further, the BIA properly determined that Su was not eligible for an exception to the time limitation for motions to reopen because he failed to submit any evidence establishing a change in country conditions in China. *See Id.* § 1003.2(c)(3)(ii). Su relies on *Li Yong Cao v. U.S. Department of Justice*, 421 F.3d 149 (2d Cir.2005), for the proposition that an affidavit is sufficient to serve as "new evidence" for a motion to reopen. That argument is without merit. In *Li Yong Cao*, the petitioner filed a motion to remand based on new evidence to support his prior claim that his wife had undergone a forced abortion in China. *Id.* at 152. In that case, the IJ had found the petitioner not credible in part due to a lack of reliable corroborative evidence. *Id.* In moving to remand, the petitioner submitted evidence tending to support his claim. *Id.* at 157. This Court

held that the BIA erred in denying Cao's motion where he had submitted "clearly material" evidence. *Id.* In contrast to that case, Su filed an untimely motion to reopen, not a motion to remand. Thus, in order to prevail, he needed to demonstrate changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). In support of his motion, Su submitted only his own affidavit asserting, *inter alia*, that (1) the founder of the "Chinese Democratic Federal Republic" movement, who had stayed with him in New York, was arrested by agents of the Communist government of China and sentenced to a life term; (2) Su's brother had informed him that officials from the National Security Office in China had inquired about Su; and (3) one Chinese official had spread rumors indicating that Su would be killed and dismembered. Instead of demonstrating in his motion that country conditions in China have changed, he asserted that the Chinese government "continues to pursue him," thus indicating that circumstances in his native country have remained the same.

■ To the extent Su attempts to challenge the IJ's prior adverse credibility finding and the competence of the court interpreter, such arguments are beyond the scope of our review. We may review only the BIA's June 2007 order denying Su's motion to reopen, as that is the only decision from which a petition for review was timely filed. *See* 8 U.S.C. § 1252(b)(1); *Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir.2006).

■ Finally, because the BIA's refusal to reopen Su's proceedings *sua sponte* under 8 C.F.R. § 1003.2(a) was entirely discretionary, we are without jurisdiction to review that decision. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.